Cavanagh, J.
(concurring in part and dissenting in part). I concur in the result only. I agree that common-law self defense is a valid defense to a charge of being a felon in possession of a firearm, MCL 750.224f. I also agree that once a defendant properly raises the defense, the prosecution bears the burden of disproving self-defense beyond a reasonable doubt. Finally, I agree that the trial court’s erroneous jury instruction was not harmless error. I write separately because I disagree that the affirmative defense of duress is not properly before this Court. Indeed, the record belies the majority’s claim that “[d]efendant did not present evidence that pertained to the affirmative defense of duress ....” Ante at 703.
To properly raise a duress defense, the defendant bears the burden of producing “ ‘some evidence from which the jury can conclude that the essential elements of duress are present.’ ” People v Lemons, 454 Mich 234, 246; 562 NW2d 447 (1997) (citation omitted). To satisfy the burden of production, a defendant must produce some evidence from which the jury could conclude the following:
“A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;
“B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;
“Q The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and
*714 “D) The defendant committed the act to avoid the threatened harm.” [Id. at 247 (citation omitted).]
I agree with the Court of Appeals concurrence that “ [although defendant in the instant case labeled his defense ‘self-defense’ rather than ‘duress,’ he unquestionably presented to the jury a scenario entirely consistent with a classic duress defense.” People v Dupree, 284 Mich App 89, 113; 771 NW2d 470 (2009) (GLEICHER, J., concurring). As the majority acknowledges, defendant testified that Damond Reeves, a 300-pound, highly inebriated man with a gun, pushed defendant and then began wrestling with him. During the struggle, defendant became aware that Reeves possessed a gun, and defendant testified that he feared for his life. Defendant also testified that Reeves reached for his gun during the struggle and that he shot Reeves as they struggled over the gun. Finally, defendant testified that Reeves continued to attempt to take the gun from defendant even after defendant shot Reeves three times, despite the fact that defendant repeatedly told Reeves to “Just stop” and “Let me go.” In my view, this account is a textbook example of a factual scenario from which a jury could conclude that the essential elements of duress were present.
Furthermore, I agree with the Court of Appeals concurrence that the trial court essentially instructed the jury on the duress defense when the court stated the following in its initial jury instruction:
“As to being a felon in possession, [Dupree] claims that the gun was produced in a struggle. And of course, if that’s the case that the gun was produced during the course of a struggle and you find that it happened that way, that would be a defense to felon in possession provided you find that he did not keep the gun in his possession any longer than necessary to defend himself.” [Id. at 114.]
*715 Thus, I disagree with the majority’s conclusion that the issues related to the duress defense are not properly before this Court. I nonetheless concur because the result is the same given that the majority correctly holds that defendant is entitled to a new trial.
Kelly, C.J., concurred with Cavanagh, J.